THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, plaintiffs in error, *vs.* JAMES A. LAROCHE, defendant in error.

1. Savannah has statutory power to tax all private real estate within the corporate limits not expressly exempted by law.
2. Lands brought within the corporate limits by the act of 1838 are not so exempted.

Tax. Savannah. Municipal corporations. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1875.

Reported in the opinion.

WILLIAM S. BASINGER, for plaintiffs in error.

RUFUS E. LESTER; R. R. RICHARDS, for defendant.

BLECKLEY, Judge.

The power of taxation vested in the city authorities of Savannah is conferred by the acts of 1787, 1805, 1825, and

1838 : See 8 *Georgia Reports,* 23, and the Code, section 4842. Taking all these together, we think it is pretty clear that the power exists to tax all private real estate within the *corporate* limits, not expressly exempted. An instance of express exemption is found in the act of 1854. Beyond the corporate limits extends a belt embraced within the *jurisdictional* limits, Code, sections 4844 and 4845, over which the power of taxation is not enjoyed. By the act of 1838 certain land which before lay within the jurisdictional limits was brought within the corporate limits and subjected to all the authority of the city. This act does not, as does the subsequent act of 1854, make an exception of the power of taxation until the plan of the city shall be extended. It seems from the statement of facts agreed upon, that LaRoche, the owner of some of the land brought in by the act of 1838, having paid, under compulsion of legal process, tax to the city, upon said land, sued in a justice's court to recover it back. The case was appealed to the superior court, and there judgment was rendered in his favor, the court holding that the land in question had not become taxable. We think otherwise, and reverse the judgment.

Judgment reversed.